IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 13-578-LPS |
| | : |
| PHIL MORGAN, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## **MEMORANDUM**

## I.   **BACKGROUND**

In August 2012, Petitioner Ronald G. Johnson ("Petitioner") was indicted on the charge

of possession of a controlled substance. He was released on unsecured bail. Petitioner's trial

was scheduled for March 5, 2013, but he failed to appear and the Superior Court issued a capias

for his arrest. The capias was returned the same day and Petitioner has been held in lieu of

$20,000 cash bail since that time. *See In the Matter of the Petition of Ronald G. Johnson for a*

*Writ of Mandamus*, No. 259, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013); *In the Matter*

*of the Petition of Ronald G. Johnson for a Writ of Mandamus*, No. 239, 2013, Holland, J., Order

at 1-2 (Del. May 30, 2013); *In the Matter of the Petition of Ronald G. Johnson for a Writ of*

*Prohibition*, No. 240, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013). On April 4, 2013,

Petitioner's counsel in his state criminal proceeding filed a motion for a psychiatric and/or

psychological evaluation to determine whether Petitioner is competent to stand trial. *See In the*

*Matter of the Petition of Ronald G. Johnson for a Writ of Prohibition*, No. 240, 2013, Holland,

J., Order at 1-2 (Del. May 30, 2013).

Presently pending before the Court is Petitioner's "Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241," in which Petitioner contends

> there is no reason I should be in jail. I went to two mandatory
> trials and the officer did not show. I rejected the pleas five times,
> at least three or four in the record. I did not have any drugs, if I did
> they would have had a trial by now. They're hiding the discovery
> information in violation of my rights.

(D.I. 2 at 5)   Petitioner asserts two specific grounds for federal habeas relief: (1) he has been

falsely accused of not appearing for trial and threatened with receiving a high bail and remaining

incarcerated if he does not plead guilty to a more serious offense than that to which he pled guilty

in the past; and (2) his right to effective assistance of counsel and his right to self-representation

have been violated during this pre-trial stage. (D.I. 2 at 3)   Petitioner asks the Court to order

his release from prison.[1] (D.I. 2 at 5)

---

[1]On April 12, 2013, one day after filing the instant Petition, Petitioner filed another
document entitled "Writ of Mandamus, Writ of Habeas Corpus." (D.I. 4) The "Writ of
Mandamus, Writ of Habeas Corpus"contends that Petitioner has been denied access to the law
library to defend himself in his state criminal case, and asks the Court to order the prison staff to
allow Petitioner to use the law library or order his release. (D.I. 4 at 2) Considering that the
"Writ of Mandamus, Writ of Habeas Corpus" was filed one day after the instant Petition, and
given the request for immediate release contained therein, the document will be considered to
have been filed in the instant case as a supplement to the Petition. For instance, the "Writ of
Mandamus, Writ of Habeas Corpus" asserts that an attorney has been appointed to represent him
"against his will," which supports Claim Two of the Petition. (D.I. 4 at 1)
    Nevertheless, even construing this "Writ of Mandamus, Writ of Habeas Corpus" as
constituting an independent request for mandamus relief, rather than as a supplemental brief, the
request is unavailing. Lack of access to a prison law library does not provide a basis for federal
habeas relief in the form of release from custody. Additionally, to the extent Petitioner is
alleging that the alleged denial of access to the law library has denied him access to the courts in
violation of 42 U.S.C. § 1983, his claim fails as a matter of law. Petitioner is represented by
counsel in his state court criminal proceeding and he has failed to demonstrate any actual injury
arising from the alleged denial of access to the law library. *See Lamp v. Iowa*, 122 F.3d 1100,
1106 (8th Cir.1997) ("For, once the State has provided a petitioner with an attorney in

## II.   LEGAL STANDARDS

A district court may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. In order to become eligible for federal habeas relief, a petitioner in custody pursuant to a state court judgment must exhaust state remedies for his habeas claims. *See* 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate merits of affirmative defense to state criminal charge prior to state court conviction, but that, in special circumstances, habeas corpus is appropriate vehicle by which to demand enforcement of state's constitutional obligation to provide speedy trial).

## III.   DISCUSSION

After reviewing Petitioner's filings, the Court concludes that summary dismissal of the instant Petition is appropriate. First, it is clear from the face of the pending Petition that

---

postconviction proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)); *Sanders v. Rockland Cnty. Corr. Facility*, 1995 WL 479445, at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial."); *Williams v. Vaughn*, 1991 WL 34429, at *4 (E.D.Pa. March 12, 1991) ("Thus, [plaintiff-inmate] Williams was not actually injured by any inability to gain access to the law library since he ultimately obtained representation.").

Petitioner is not in custody pursuant to a state court judgment, as he has yet to undergo his state criminal trial on the charge of possession of a controlled substance. Second, Petitioner requests immediate release, demonstrating that he is attempting to abort a state criminal proceeding. Finally, Petitioner's filings do not demonstrate extraordinary circumstances justifying the Court's interference with a pending state court proceeding prior to Petitioner having first exhausted state remedies. *See Moore*, 515 F.2d at 443. Accordingly, the Court will summarily dismiss Petitioner's § 2241 Petition.

## IV. MOTION FOR WRIT OF MANDAMUS

During the pendency of this proceeding, Petitioner filed a document titled "Writ of Mandamus," asking the Court to immediately serve his "numerous writs and complaints" and order the respondents to answer his complaints. (D.I. 10) Petitioner also requests the undersigned to "resign" from the case.

The Court is not persuaded that the instant motion constitutes a true petition for a writ of mandamus. Nevertheless, to the extent Petitioner's request for mandamus relief relates to the instant Petition, the Court has already decided to summarily dismiss the Petition. Therefore, the Court will deny the mandamus request as moot.[2]

## V. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss Petitioner's Petition for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28

---

[2]The Court notes that the Petition will be served on the State along with this Memorandum and Order. The State, however, will not be ordered to file a responsive filing.

4

U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: June 24, 2013

_____

UNITED STATES DISTRICT JUDGE

5